THE STATE, J. V. D. KELLEY, RELATOR, v. GARRETSON AND
OTHERS.

1. The assessment of the damages sustained by the land owners is a necessary
part of the duty and return of the surveyors of the highways in laying
out a road ; and if it is omitted, or if the assessment is illegal and void,
the return of the road itself is illegal, and must be set aside : it is all one
proceeding, which cannot be good in part and bad in part.

2. Where a road is laid out in two townships, if surveyors omit to adjudge
what part of the damages awarded is to be paid by each township, the
laying out the road is illegal, and must be set aside.

3. Every owner of land taken, not an applicant, must have *some* damages
awarded him. *Per* OGDEN, J., NEVIUS, J., *dubitat.*

On *certiorari* to Somerset Common Pleas, in matter of high-
way.

Argued before NEVIUS and OGDEN, Justices.

*G. H. Brown,* for plaintiff; *Ransom,* for defendant.

NEVIUS, J.   This *certiorari* is brought to reverse an order of
the Court of Common Pleas, setting aside the return of a road
laid out by the surveyors.   The grounds urged in support of
the order of the court below are—

1st. That one of the surveyors was a brother of a land owner
to whom damages were assessed for lands taken.

2d. That the surveyors made no assessment to certain other
land owners, whose lands were taken for the road.   And—

3d. That the road being laid out in two townships, the sur-
veyors omitted to determine what proportion of the damages
awarded to a land owner, whose lands lay partly in each town-
ship, should be paid by these respective townships.

In answer to these, it is insisted by the counsel for the plain-
tiff in *certiorari*, that whatever irregularity or error there may
be in the proceedings of the surveyors touching the assessment
of damages to land owners, it will not vitiate their proceedings
touching their return of the road itself ; that the laying out the
road and the assessment of damages to the land owners are
distinct and independent acts, and that the former may be
maintained, whilst the latter may be set aside.   I confess I was
at first forcibly impressed with the argument of counsel in

The State v. Garretson et al.

support of this position, but, on a careful examination of the statutes concerning public. highways, I have been brought to the conviction that the assessment of damages to land owners by the surveyors, is a part of one entire duty imposed by law upon them, who are constituted a tribunal in the first instance to determine whether a road applied for is necessary, and then to lay it out, make return with a map annexed, and, by the act of 1850, assess the damages to the land owners. If this tribunal fail to declare in their return that such road is neces sary, or omit to state that they have been duly convened on such notice as the law requires, or fail to annex a map of the road to their return, or to make the assessment, as required by the act of 1850, their return is defective, and must be set aside. The duty of assessment is as imperative upon them as any other duty, and as much so as if incorporated in the original act, for the supplement and original act must be construed to-gether. It is true that an appeal is allowed to a town commit-tee, or to the owner of lands taken for the road against the determination of the surveyors. But if they make no assess-ment at all, they have failed in this part of their official duty, and their whole return is vitiated. So if they fail to state and certify the proportion of the assessment which the different townships are to pay, where the road runs in two or more townships, the return is bad ; and as there can be no appeal or review in such case, the return must be set aside. Without expressing an opinion upon the first and second grounds taken before the Common Pleas, I think they were warranted in making the order they did on the third ground, and that judg-ment should be rendered against the plaintiff in *certiorari*, with costs.

OGDEN, J. I concur that the judgment should be in favor of the defendants in *certiorari*, upon the third ground ; and I am also of opinion, that the surveyors are bound to adjudicate and express in their return of damages, their determination upon the damages sustained by each land holder, and that a failure so to do vitiates a return.

CITED *in State* v. *Runyon*, 4 *Zab.* 256 ; *State* v. *Pierson*, 8 *Vr.* 368.